# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Denah Kull, | : | CIVIL ACTION NO: |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| Jenny Craig, Inc. | : | |
| Defendants. | : | |
| | : | April 16, 2009 |
| | : | |

## COMPLAINT

1.     The Plaintiff, Denah Kull, is a former employee of the Defendant, Jenny Craig, Inc.  The Plaintiff brings this action alleging that the Defendant violated her rights under the federal Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, and that the Defendant failed to pay her all of the wages owed to her, including overtime wages, in violation of the federal Fair Labor Standards Act, 20 U.S.C. 29 U.S.C. §201, *et seq.*, and Connecticut wage payment laws, including Conn.Gen.Stat. §31-58 *et seq.*  The Plaintiff seeks double damages as to her FMLA and unpaid wage claims and reasonable attorney's fees and costs pursuant to the FMLA, the FLSA and Connecticut wage payment laws.

## II.     JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. §1331.  With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III.   **THE PARTIES**

4.      The Plaintiff is Denah Kull, a person residing at 49 Lake Drive South, New Fairfield, Connecticut.

5.      At all times relevant to this Complaint the Plaintiff was an employee of the Defendant as that term is defined by the Family and Medical Leave Act, 29 U.S.C. §2611(3), the Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

6.      The Defendant is Jenny Craig, Inc., a Delaware corporation with a place of business at 71 Newtown Road, Danbury, Connecticut, and corporate offices at 11355 North Torrey Pines Road, La Jolla, California.

7.      The Defendant employs fifty or more employees.

8.      At all times relevant to this Complaint, the Defendant was the Plaintiff's employer as that term is defined by the Family and Medical Leave Act, 29 U.S.C. §2611(4), the Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

## IV.   **FACTS**

9.      The Defendant describes itself as "one of the largest weight management service companies in the world" and operates a chain of weight loss "centres" nation-wide.

10.     The Defendant hired the Plaintiff on or about July 1, 2007, as a program director for the Defendant's business site in Danbury, Connecticut.

11.     The Plaintiff frequently worked more than forty hours in a one week period.

12.     The Defendant did not compensate the Plaintiff for all of the hours that she worked in excess of forty hours in a one week period, and did not pay an overtime premium for all such hours.

13.     In or about February 2008, the Plaintiff began to notice that the Defendant's record of her time that it used to calculate her wages showed fewer hours than the number of hours that she actually worked.

14.     Beginning in or about February 2008, the Plaintiff began to keep copies of and compare her computer-generated time cards and her summary sales sheets.  From these documents, the Plaintiff was able to ascertain that she was not being paid for all of the hours that she worked.

15.     In the Spring of 2008, the Plaintiff missed several days of work because, *inter alia*, her husband had suffered a stroke and she needed to stay at home to provide care for him.

16.     The Plaintiff was disciplined for her missed work days and was warned that further incidents could lead to termination of her employment.

17.     The Defendant also told the Plaintiff that she must submit a request for time off thirty days in advance or the request would be denied.

18.     On or about July 1, 2008, the Plaintiff had been employed by the Defendant for a full year.  During the preceding one year period, the Plaintiff had worked in excess of 1,250 hours.

19.     On or about July 3, 2008, the Plaintiff approached her center director, Grainne Salino, and told her that she intended to give her notice and resign.

20.     The Plaintiff explained to Salino that she felt forced to resign because she needed to be able to take care of her husband.  She explained that because of her husband's medical appointments and ups and downs in his condition from one day to the next, she could not request the time off that she needed more than thirty days in advance.  She stated her belief that if she took time off according to her husband's medical needs, she would be fired from her job.

3

21.     Salino tried to talk the Plaintiff out of resigning by giving her the option of taking "personal time" until her husband was well enough so that she could return to work.

22.     The Plaintiff explained that if she took a personal leave of absence she might have to be away from work for as much as three months, and as a result she would end up losing all of her clients.

23.     Salino did not inform the Plaintiff that she was eligible to take a reduced work schedule or take days off as needed to care for her husband under the intermittent leave provisions of the Family and Medical Leave Act. Nor did Salino inform the Plaintiff that she could give less than thirty days notice of her need to take time off under the Family and Medical Leave Act.

24.     The Plaintiff resigned her position with the Defendant on July 10, 2008, because she believed that her only choices in order to care for her husband during his recuperation from a stroke were to either stay out of work until he was well, even if that took several months, or to take the time off that she needed and face discipline and termination.

## IV.     COUNT ONE: FAMILY AND MEDICAL LEAVE ACT

1.      The Plaintiff hereby restates, re-alleges and incorporates by reference paragraphs 1 through 24, above.

25.     At the time of the Plaintiff's resignation, the Plaintiff was eligible to take up to a total of twelve weeks of leave to care for her husband pursuant to the Family and Medical Leave Act, including intermittent leave.

26.     The Defendant violated the FMLA by failing to inform the Plaintiff of her rights.

27.     As a result of the Defendant's violation of the FMLA, the Plaintiff suffered a loss of the wages and benefits of her employment.

28.     The Defendant's violation of the Plaintiff's rights under the FMLA was willful inasmuch as the Defendant was aware of its obligations under the statute and failed to carry

4

them out.

**V.     COUNT TWO: OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT**

1.     The Plaintiff hereby restates, re-alleges and incorporates by reference paragraphs 1 through 28, above.

29.     The Defendant's failure to pay the Plaintiff at one and one-half times her regular hourly rate for all hours worked in excess of forty hours in a one week period was in violation of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

30.     The Defendant's failure to pay overtime, the result of its alteration of her time cards and mis-statements of hours worked, was in willful violation of the Fair Labor Standards Act.

31.     As a result of the Defendant's wrongful conduct, the Plaintiff suffered a loss of the wages owed to her.

**VI.     COUNT THREE: VIOLATION OF CONNECTICUT WAGE AND HOUR LAWS**

1.     The Plaintiff hereby restates, re-alleges and incorporates by reference paragraphs 1 through 31, above.

32.     The Defendant's failure to pay the Plaintiff at one and one-half times her regular hourly rate for all hours worked in excess of forty hours in a one week period was in violation of the overtime provisions of Connecticut wage and hour laws, including Conn.Gen.Stat. §31-60, §31-68, §31-71b, and §31-71e.

33.     The Plaintiff brings this action pursuant to Conn.Gen.Stat. §31-72, seeking payment of the wages that are owed.

34.     The Defendant's failure to pay wages consistent with the requirements of Connecticut wage and hour laws was willful, arbitrary, and/or in bad faith, inasmuch as the Defendant was aware of his obligation to pay the Plaintiffs and did not do so.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff requests that this Court:

1.  Order the Defendant to pay to the Plaintiff all wages owed, consistent with the federal and Connecticut overtime, and wage payment laws;

2.  Award the Plaintiff liquidated or double damages for all wages owed pursuant to 29 U.S.C. §216(b) and Conn.Gen.Stat. §31-72;

3.  Award the Plaintiff her reasonable attorney's fees and costs;

4.  Award the Plaintiff prejudgment and post-judgment interest.

5.  Award the Plaintiff such other legal and equitable relief that the Court deems appropriate.

## REQUEST FOR TRIAL BY JURY

The Plaintiff respectfully requests a trial by jury as to all claims to which they are entitled.

THE PLAINTIFF,

BY: _____

Peter Goselin ct16074
Livingston, Adler, Pulda,
Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2292
(860) 233-9821

7